982 So.2d 1189 (2008)
Roberto E. FIGUERREO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-3188.
District Court of Appeal of Florida, Third District.
May 14, 2008.
Roberto E. Figuerreo, in proper person.
Bill McCollum, Attorney General, and Nikole Hiciano, Assistant Attorney General, for appellee.
Before COPE and GREEN, JJ., and SCHWARTZ, Senior Judge.
PER CURIAM.
This is an appeal of an order summarily denying a motion under Florida Rule of Criminal Procedure 3.800. In his motion, the defendant raised several grounds for relief. On appeal, however, the defendant argues only that he was entitled to relief on ground three, which asserted that the seven-year mandatory minimum sentence is illegal when, as here, the defendant alleges that he pled guilty to trafficking in 200 hundred grams of cocaine, or more, but less than 400 grams. See § 893.135(1)(b)1.b, Fla. Stat. (1995). As a result, the defendant contends that he is entitled to be resentenced under the 1994 guidelines. On appeal from a summary denial, this court must reverse unless the post-conviction record, see Fla. R.App. P. 9.141(b)(2)(A), shows conclusively that the appellant is entitled to no relief. See Fla. R.App. P. 9.141(b)(2)(D).
Because the record now before us fails to make the required showing as to ground three, we reverse the order as to that ground only.[1] If the trial court again enters an order summarily denying the motion on that ground, the court shall attach record excerpts conclusively showing that the appellant is not entitled to any relief.
Affirmed in part, reversed in part, and remanded for further proceedings.
NOTES
[1] We affirm the order as to grounds four and five. We find, however, that if the defendant is granted relief on ground three, the trial court may address grounds one and two, which concern the applicable sentencing guidelines.